UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE MONCADA and
EVELYN MOLINA,

    Plaintiffs,

v.                                CASE NO. 8:17-cv-2625-T-23AEP

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## **ORDER**

The plaintiffs sue (Doc. 1) Bank of America for common law fraud and allege that Bank of America misrepresented the eligibility requirement for a mortgage modification.[1] Relying on the misrepresentation, the plaintiffs allegedly stopped paying their mortgage and "fell into default status" (Doc. 1 at ¶ 39), which resulted in the bank's winning a foreclosure judgment in state court. A month after the close of discovery in this action, Bank of America moved (Doc. 33) for summary judgment and argued, among other things, that the default resulted not from the bank's alleged misrepresentation but from one plaintiff's loss of employment, that *Rooker-Feldman* bars the fraud claim, and that the fraud claim constitutes a compulsory counterclaim that the plaintiffs must have asserted but failed to assert in the state-court foreclosure action.

---

[1] A February 1, 2018 order (Doc. 14) dismisses fraud claims based on three other misrepresentations.

After receiving two extensions of the time within which to respond to Bank of America's motion for summary judgment, the plaintiffs move (Doc. 41) under Rule 56(d), Federal Rules of Civil Procedure, to defer resolution of Bank of America's motion for summary judgment. Attempting to justify the requested deferral, the plaintiffs cite a motion to compel in a different action and state that they "joined" the motion to compel. (Doc. 41 at 2) But no Federal Rule of Civil Procedure or Local Rule permits "joining" the motion of another party in a different action (or even in the same action). In any event, the clerk terminated the motion to compel in the other action after an order dismissed that action for lack of subject-matter jurisdiction and for failure to state a claim.[2] Also, the plaintiffs argue (Doc. 41 at 3) that Bank of America attached to the summary judgment motion several documents not produced in discovery. Bank of America responds (Doc. 42) persuasively that each document is a public record (for example, the mortgage recorded in Polk County and the foreclosure judgment) or a document produced by the plaintiffs. Because the plaintiffs provide no cogent reason for deferring the resolution of Bank of America's motion for summary judgment, the request (Doc. 41 at 1–3) to defer the summary judgment motion is **DENIED**.

Also, more than five months after a February 5, 2018 order (Doc. 15) cautioned the plaintiffs that a motion for leave to amend the complaint "is distinctly disfavored after the issuance of this order," the plaintiffs move (Doc. 41 at 3) for

---

[2] Doc. 55 in *Acosta v. Bank of America, N.A.*, 8:17-cv-2592 (M.D. Fla. July 24, 2018).

leave to amend the complaint. The plaintiffs state that the amendment will "add facts recently discovered from [Bank of America's] production of documents," but the plaintiffs offer no explanation what facts they intends to add, and the exhibit cited by the plaintiffs similarly fails to explain the contemplated amendment. The request (Doc. 41 at 3) for leave to amend the complaint is **DENIED**. *See Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999) (affirming the denial of leave to amend the complaint because the plaintiff failed to explain the purpose of an amendment). No later than **AUGUST 2, 2018**, the plaintiffs must respond to Bank of America's June 18, 2018 motion for summary judgment. **No further extension is available absent an extraordinary circumstance**. The plaintiffs' motion (Doc. 39) to extend until July 31, 2018 the time within which to respond to the motion for summary judgment is **DENIED AS MOOT**. The motions (Docs. 29 and 31) to extend discovery and to extend the time to move for summary judgment are **DENIED WITHOUT PREJUDICE** to renewal after the disposition of Bank of America's pending motion for summary judgment (if an order denies summary judgment).

ORDERED in Tampa, Florida, on July 27, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE